# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LOUISE M. MOSKOWITZ, as Executrix of the Estate of Joseph J. Palagi, Plaintiff,<br><br>v.<br><br>DELAWARE LIFE INSURANCE COMPANY, Defendant. | Civil Action No. 1:23-cv-00390 |

## NOTICE OF REMOVAL

Defendant Delaware Life Insurance Company ("Delaware Life"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case, captioned <u>Louise M. Moskowitz, as Executrix of the Estate of Joseph J. Palagi v. Delaware Life Insurance Company</u>, Civil Action No. NC-2023-0290, from the Newport, Rhode Island, Superior Court ("State Court"), where it is now pending, to the United States District Court for the District of Rhode Island. This case is removable under 28 U.S.C. §§ 1332(a) and 1441(b), in that there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, thus supplying federal diversity jurisdiction. In further support of removal, Delaware Life states as follows:

**Background**

1. Plaintiff Louise M. Moskowitz, in her capacity as Executrix of the Estate of the Estate of Joseph J. Palagi, ("Plaintiff") commenced this action against Delaware Life on or about August 31, 2023, by filing her Complaint in the State Court.

2. On September 7, 2023, Delaware Life first received copies of the Summons and Complaint. True and correct copies of the Summons and Complaint received by Delaware Life, are attached collectively as <u>Exhibit A</u>.

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within (30) days of October 7, 2023, the date Delaware Life first received the initial pleading upon which this action is based.

4. The United States District Court for the District of Rhode Island is the federal judicial district embracing the State Court where Plaintiff originally filed this suit. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

## Diversity Jurisdiction

5. There is complete diversity of citizenship between the parties.

6. In her Complaint, Plaintiff alleges that she resides in the Town of Smithfield, Rhode Island. *See* Compl. at ¶ 1 (Exhibit A). Upon information and belief, Plaintiff was at the time this action was commenced, and is at the present time, a citizen of the State of Rhode Island. *See* id. (Exhibit A).

7. Plaintiff brings this suit in her capacity as executor of the estate of decedent Joseph J. Palagi. For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). In her Complaint, Plaintiff alleges that decedent's probate estate was opened in the Town of Pawtucket, Rhode Island. *See* Compl. at ¶ 5 (Exhibit A). Upon information and belief, decedent was at the time of his death, a citizen of the State of Rhode Island. *See* id. (Exhibit A).

8. Delaware Life exists under the laws of the State of Delaware and maintains its principal place of business in Indiana. It is therefore deemed to be a citizen of the States of Delaware and Indiana. *See* 28 U.S.C. § 1332(c)(1).

9. Diversity exists between Plaintiff and Delaware because they are citizens of different states. See 28 U.S.C. § 1332(a)(1).

10. The matter in controversy also exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. The First Circuit has held that a defendant need only show a "reasonable probability" that the jurisdictional amount is satisfied. *See* Milford-Bennington Railroad Co. v. Pan Am Railways, Inc., 695 F.3d 175, 178 (1st Cir. 2012)(citing Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48–49 (1st Cir. 2009)); Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230 (D. Mass. 2010); Porter v. American Heritage Life Ins. Co., 956 F. Supp. 2d 344, 346 (D.R.I. 2013)(collecting cases); *see also*, *e.g.*, Consigli Constr. Co. v. Travelers Indemnity Co., 256 F. Supp. 3d 62, 66 n.2 (D. Mass. 2017). This standard for removal is satisfied where amount-in-controversy requirement is "facially apparent" on a plaintiff's original complaint or petition. *See* Milford-Bennington, 695 F.3d at 178; Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995)("[I]t has long been the rule that a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in someway shown that the amount stated in the complaint is not claimed in good faith.'")(quoting Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961)).

12. Here, on the face of the Complaint, Plaintiff alleges that Delaware Life is liable for the immediate payment of an annuity contract with an "approximate death benefit of $100,000" that decent purchased prior to his death. *See*, *e.g.*, Compl. at ¶ 6 (Exhibit A).

13. Here, based on Plaintiffs' allegations, there is a reasonable probability that if she were to prevail on all claims, the amount awarded, exclusive of interest and costs, would exceed $75,000.

14. Therefore, pursuant to 28 U.S.C. §§ 1332 and 1441(b), this Court has original jurisdiction over this matter on the basis of diversity of citizenship, and Delaware Life may remove this case to this Court.

## Miscellaneous

15. Written notice of the filing of this Notice of Removal will be given to the Plaintiff and, together with copies of its supporting papers, will be filed with the State Court as provided in 28 U.S.C. § 1446(d).

16. If any question arises as to the propriety of the removal of this action, Delaware Life respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, notice is hereby given that this action is removed from the State Court to the United States District Court for the District of Rhode Island.

Dated: September 20, 2023

Respectfully Submitted,

DELAWARE LIFE INSURANCE COMPANY,

By its Attorneys,

/s/ Scott K. Pomeroy
Scott K. Pomeroy (RI Bar #6044)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel: (207) 387-2961
Fax: (207) 387-2986
scott.pomeroy@ogletree.com

## **CERTIFICATE OF SERVICE**

      I certify that on September 20, 2023, I caused the foregoing document to be electronically filed through the Court's CM/ECF system and that this document is available for viewing and downloading from the Court's CM/ECF system. All counsel of record have been served by electronic means.

Kevin M. Daley, Esq.
([kdaley@daleyorton.com](mailto:kdaley@daleyorton.com))
Daley Orton, LLC
1383 Warwick Avenue
Warwick, RI 02888

/s/ Scott K. Pomeroy
Scott K. Pomeroy (RI Bar #6044)