IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LOUISE M. MOSKOWITZ, as Executrix of the Estate of Joseph J. Palagi,<br>      Plaintiff,<br><br>vs.<br><br>DELAWARE LIFE INSURANCE COMPANY,<br>      Defendant,<br><br>DELAWARE LIFE INSURANCE COMPANY,<br>      Plaintiff in Counterclaim,<br><br>vs.<br><br>LOUISE M. MOSKOWITZ, as Executrix of the Estate of Joseph J. Palagi,<br>      Counterclaim Defendant. | Civil Action No. 1:23-cv-0390-JJM-PAS |

## COUNTERCLAIM FOR INTERPLEADER

NOW COMES Plaintiff in Counterclaim Delaware Life Insurance Company ("Delaware Life") and asserts this counterclaim against Counterclaim Defendant Louise M. Moskowitz ("Moskowitz"), in her capacity as Executrix of the Estate of Joseph J. Palagi.

**Parties, Jurisdiction, and Venue**

1.   Delaware Life is an insurance company organized under the laws of the State of Delaware, and it maintains its principal place of business in Indiana.

2.   Upon information and belief, Moskowitz is a resident of the State of Rhode Island.

1

3.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds sum or value of $75,000, and pursuant to 28 U.S.C. § 1367, in that this counterclaim is so related to claims within the Court's jurisdiction that it forms part of the same case or controversy.

4.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391.

## Factual Allegations

5.      On or about August 7, 2008, Joseph J. Palagi ("Decedent") completed an application ("Application") for a Focus Five Plus annuity contract, Certificate Number KA 13077996, ("Annuity Contract"). As set forth on that Application, Decedent designated himself as the primary owner and the annuitant on the Annuity Contract. As set forth on that Application, Decedent designated an entity called "Uncle Joe's Limited Partnership Trust" as the primary beneficiary of the Annuity Contract.

6.      Delaware Life's predecessor in interest accepted Decedent's Application and issued the Annuity Contract for which Decedent had applied.

7.      Decedent died on or about July 7, 2022, without changing the designated primary beneficiary.

8.      Thereafter, Moskowitz was duly appointed as the Executrix of the Estate of Joseph J. Palagi ("Decedent's Estate") by the Pawtucket, Rhode Island, Probate Court, probate case number 32748.

9.      The current value of the death benefit properly payable to the primary beneficiary under the Annuity Contract is $90,461.14.

10. On behalf of the Decedent's Estate, Moskowitz asserted a claim to the death benefit under the Annuity Contract and demanded that Delaware Life pay the death benefit to her. In connection with her claim, Moskowitz asserted that the entity Decedent designated as the Annuity Contract's primary beneficiary, "Uncle Joe's Limited Partnership Trust," was never a legal entity and thus has no legal existence. Moskowitz further alleged that Decedent transferred his ownership interest in a separate entity called "Uncle Joe's Limited Partnership" to a trust Decedent created called the "Joseph J. Palagi Declaration of Trust - 2004." Moskowitz further alleged that "Uncle Joe's Limited Partnership" was dissolved in 2018.

11. According the Rhode Island Secretary of State, "Uncle Joe's Limited Partnership" currently exists as an active domestic limited partnership. On information and belief, the registered agent for "Uncle Joe's Limited Partnership" is Stephen J DiGianfilippo, 50 Park Row West, Suite 111, Providence, Rhode Island, 02903.

12. On information and belief, the "Joseph J. Palagi Declaration of Trust - 2004" also currently exists. On information and belief, Moskowitz is currently the trustee of the "Joseph J. Palagi Declaration of Trust - 2004."

13. On or about August 31, 2023, Moskowitz, in her capacity as Executrix of the Decedent's Estate, filed a complaint in the Providence, Rhode Island, Superior Court seeking to compel Delaware Life to pay the Annuity Contract's death benefit to the Decedent's Estate and other relief. Delaware Life removed that state-court action to this Court.

14. Neither Moskowitz nor the Decedent's Estate is the designated beneficiary of the Annuity Contract, and the identity and whereabouts of the designated beneficiary—*i.e.*, "Uncle Joe's Limited Partnership Trust"—are unknown.

15. In light of Moskowitz's allegations, and on other information and belief, other individuals or entities, including Uncle Joe's Limited Partnership and the Joseph J. Palagi Declaration of Trust - 2004 may also have claims to the death benefits under the Annuity Contract.

16 Accordingly, Delaware Life is subject to competing and adverse claims to receive the death benefit under the Annuity Contract. Such claims, and the identity of the person or persons entitled to receive the death benefit, are unresolved. Delaware Life's payment of death benefit to any person under these circumstances would invite subsequent litigation and risk exposing Delaware Life to inconsistent rulings, multiple liabilities, and the attendant costs and expenses of subsequent litigation.

17. Despite its due diligence, Delaware Life is unable to determine the proper beneficiary or beneficiaries based on competing claims or incomplete information, and as such, Delaware Life has properly not yet paid the death benefit at issue to avoid exposing Delaware Life to multiple liability for the same death benefit.

18. Pursuant to the terms of the Annuity Contract, a death benefit of $90,461.14 is currently due to be paid. Delaware Life desires to pay the death benefit, but in light of the competing claims to the benefit and the risk of multiple liabilities and inconsistent rulings, Delaware Life does not know and in good faith cannot determine who should receive the death benefit at issue.

## Count I—Interpleader

19. Delaware Life restates and incorporates herein the allegations contained in all of the preceding Paragraphs 1 through 18.

20. Moskowitz, the Decedent's Estate, Uncle Joe's Limited Partnership, Uncle Joe's Limited Partnership Trust, and the Joseph J. Palagi Declaration of Trust - 2004 (collectively, the

"Benefit Claimants") have competing and adverse claims to receive the life death benefit under the Annuity Contract.

21. Delaware Life's payment of the life benefit to any Benefit Claimant under these circumstances would invite subsequent litigation and risk exposing Delaware Life to inconsistent rulings, multiple liabilities, and the attendant costs and expenses of subsequent litigation.

22. Delaware Life has at all times acted in good faith.

23. Delaware Life claims no beneficial interest in the death benefit under the Annuity Contract. With respect to the controversy between the Benefit Claimants over death benefit, Delaware Life is a disinterested stakeholder.

24. Delaware Life is ready, willing, and able to deposit with the Court the sum of $90,461.14, which represents the current death benefit payable under the Annuity Contract.

## Count II—Declaratory Judgment

25. Delaware Life restates and incorporates herein the allegations contained in all of the preceding Paragraphs 1 through 24.

26. An actual controversy exists between the respective Benefit Claimants as to who should properly receive the death benefit under the Annuity Contract.

27. Accordingly, Delaware Life seeks a judicial declaration construing the Annuity Contract, the Application's benefit designation, the legal status of the respective Benefit Claimants, and other relevant documents to declare the respective rights of the various Benefit Claimants with respect to the death benefit under the Annuity Contract.

## Count III—Injunctive Relief

28. Delaware Life restates and incorporates herein the allegations contained in all of the preceding Paragraphs 1 through 27.

29. Because of the litigation commenced by Moskowitz, the controversy between the various Benefit Claimants, and the threat of subsequent litigation by other Benefit Claimants, Delaware Life is presently threatened with and stands to suffer irreparable harm.

30. Delaware Life seeks injunctive relief to enjoin and restrain all Benefit Claimants from instituting or maintaining separate legal actions against Delaware Life related to the Annuity Contract or payment of the death benefit under the Annuity Contract.

WHEREFORE, Delaware Life respectfully requests that this Court:

(a) Order that the death benefit under the Annuity Contract be deposited into the Registry of the Court and held for future disbursement according to the judgment of this Court;

(b) Order that upon such deposit, Delaware Life be discharged from any and all further liability with respect to the Annuity Contract;

(c) Order that Delaware Life be awarded, out of the funds so deposited, an amount sufficient to reimburse Delaware Life for its attorney's fees, costs, and other expenses incurred in the prosecution of this action;

(d) Order that all Benefit Claimants and any and all other persons claiming any right or interest in the death benefit under the Annuity Contract be required to interplead and resolve between themselves their respective rights to the death benefit;

(e) Restrain and enjoin each of the Benefit Claimants, and those acting in concert with them, from instituting or maintaining in any judicial forum any separate legal action against Delaware Life related to the Annuity Contract or the payment of the death benefit under the Annuity Contract.

(f) Adjudicate and declare, as between the various Benefit Claimants and any and all other persons claiming any right or interest in the death benefit under the Group Policy, the rightful beneficiary or beneficiaries; and

(g) Grant such other and further relief as the Court deems just and proper.

Dated: October 30, 2023

Respectfully Submitted,

DELAWARE LIFE INSURANCE COMPANY,

By its Attorneys,

/s/ Scott K. Pomeroy
Scott K. Pomeroy (RI Bar #6044)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel: (207) 387-2961
Fax:  (207) 387-2986
scott.pomeroy@ogletree.com

7

## **CERTIFICATE OF SERVICE**

   I certify that on October 30, 2023, I caused the foregoing document to be electronically filed through the Court's CM/ECF system and that this document is available for viewing and downloading from the Court's CM/ECF system. All counsel of record have been served by electronic means.

Kevin M. Daley, Esq.<br>
(kdaley@daleyorton.com)<br>
Daley Orton, LLC<br>
1383 Warwick Avenue<br>
Warwick, RI 02888

              /s/ Scott K. Pomeroy
              Scott K. Pomeroy (RI Bar #6044)